UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

YOLANDA HUGHES,

Plaintiff,

v.

DENIS MCDONOUGH, *et al.*,

Defendants.

Case No. 3:26-cv-00035-MMD-CSD

ORDER

*Pro se* Plaintiff Yolanda Hughes sues fifteen defendants associated with her former employer alleging violations of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act, and the Fourteenth Amendment of the Constitution. (ECF No. 1-1 ("Complaint").) Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1.) Before the Court is the Report and Recommendation of United States Magistrate Judge Craig S. Denney, recommending that the Court grant Plaintiff's IFP application and dismiss the Complaint with leave to amend. (ECF No. 4 ("R&R").) Plaintiff had until July 24, 2026 to object to the R&R. (*Id.*) To date, no objection has been filed. For that reason, and as further explained below, the Court will adopt the R&R in full.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). In the R&R, Judge Denney recommends dismissing Plaintiff's ADA claim because she fails to allege any of the required elements of an ADA employment discrimination claim. (ECF No. 4 at 6-7 (citing *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).) The Court agrees. The Court further agrees with Judge Denney's determination that Plaintiff's Title VII claim

fails because the Complaint fails to allege that she was harassed or discriminated *based on* race, color, religion, sex or national origin. (*Id.* at 7 (citing 42 U.S.C. § 2000e-2(a)(1)).) Lastly, the Court agrees that "Plaintiff's complaint does not state what type of Fourteenth Amendment claim she seeks to assert, and her allegations cannot be construed to give rise to any claim under the Fourteenth Amendment." (*Id.* at 8.) The Court will adopt Judge Denney's R&R in full, including his recommendation to grant leave to amend all three claims considering Plaintiff's *pro se* status. (*Id.* at 3, 6-8.)

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 4) is accepted and adopted in full.

It is further ordered that Plaintiff's IFP application is granted. (ECF No. 1.)

It is further ordered that the Complaint is dismissed without prejudice and with leave to amend. (ECF No. 1-1.)

It is further ordered that Plaintiff has until August 28 to file an amended complaint correcting the deficiencies in the Complaint noted in this Order and the R&R. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the Court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to timely file an amended complaint, the action will be dismissed without prejudice.

DATED THIS 28th Day of July 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE